Tompkins, J.,
delivered the opinion of the Court.
McGirk, the plaintiff in error, applied to the County Court of St. Louis county to have a demand allowed against Chauvin as administrator of Helene Chevalier. That Court allowed him seventy-five dollars and three-fourths cents ; he appealed to the Circuit Court of said county, where the judgment of the County Court being affirmed, he appealed to this Court.
*171 The evidence preserved shows that on the 28th day of August, 1816, Helene Chevalier, the intestate, executed to McGirk an-obligation in these words, viz: “ I promise to pay Matthias McGirk for value received of him, three-fourths of all the damages and wages that I may recover in four actions of replevin to be by me brought, to wit: one against Pierre Chouteau, senior, for one negro boy named Paul; one against Sylvester Labadie for a negro boy named Antoine 3 one against Marie Antoinette Honey, otherwise Labadie, fora mulatto woman named Sophie; and one against John Pierre Cabanne for a mulatto girl named Clarisse; and I also promise to pay him the sum of three hundred dollars when the above suits shall be ended and a recovery in my favor; and if there shall be a recovery of some of the above slaves in my favor, then the three hundred dollars to be apportioned according to the number recovered, and to be paid accordinglyand that the intestate in her lifetime also sued' Chouteau to recover the said boy Paul, and Chauvin as administrator becoming the plaintiff, compromised the suit with Chouteau; Chouteau surrendering the negro to Chauvin, and Chauvin accepting one cent damages, for which judgment was accordingly entered. The plaintiff in this cause also showed that at the time of the entry of said judgment according to' the compromise, there were sundry depositions taken on the part of the plaintiff-in the action compromised as aforesaid, and then remaining on file in the Circuit Court where the action was pending, from which it appeared that at the time of the compromise and judgment aforesaid, Paul had been detained for several years from said Helene Chevalier, and that his services during the time he was so detained were estimated at several hundred dollars. Evidence was also given by the plaintiff in this cause, of the amount of damages which said Helene was entitled to recover of Chouteau. No exception had been taken to the depositions. The Circuit Court, on motion of Chauvin, administrator of Helene Chevalier, decided that McGirk, the plaintiff in this cause, could not recover against Chauvin on account of damages due to him as administrator from Chouteau, more than three-fourths of the damages actually recovered in the action against Chouteau above mentioned.
On the part of the plaintiff in this cause, it is contended that the one cent damages recovered by the administrator against Chouteau are merely nominal, and that a fair consideration appearing on the face of the contract entered into by his intestate with the plaintiff in this cause, it became his duty to prosecute the action diligently, and that the true measure of damages being the worth of the services of the slave, &e.,the plaintiff in this cause had a right to recover against him in his representative character three-fourths of whatever sum he might, by using due diligence, have recovered against Chouteau. Admitting the law to be as contended by the plaintiff, and we have no disposition to deny that it is so, yet it does not appear to us that Chauvin, by a diligent prosecution of the suit against Chouteau to final judgment, could have recovered more than one cent dámages. The plaintiff gave evidence before the Circuit Court, it seems, that the. services of Paul, during tlie time-he was detained by Chouteau from Helene Chevalier, were worth several hundred dollars. Evidence, we are told, was also given of the amount of damages which, said Helene ought to have recovered of Chouteau. But we are not told that this was all the evidence given before the Circuit Court. For any thing we see on the record, Chauvin might have given evidence to' the Court that Paul’s services during the time of his detention from the intestate were worth nothing, and that in fact she-was entitled to recover against Chouteau only nominal damages, or.- that Chouteau *172 himself was insolvent. Where we are not precluded by an entry on the record, we are bound to presume every thing to sustain the judgment of the Circuit Court* We will therefore presume that that Court had before it other evidence than what is shown to us 5 and this cause being submitted to the Court, neither party requiring a jury, and no instruction being asked, we must presume that the Court decided on sufficient evidence that the plaintiff in this cause could not recover against Chauvin as administrator, more than Chauvin himself had in fact recovered against Chouteau. The judgment of the Circuit Court is therefore affirmed.